**STATE of Missouri, Respondent,**

v.

**William E. JOHNSON, Appellant.**

**No. WD 32473.**

Missouri Court of Appeals,
Western District.

March 30, 1982.

**44**

Lewis E. Pierce, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Sara Rittman, Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, P. J., and TURNAGE and LOWENSTEIN, JJ.

TURNAGE, Judge.

William E. Johnson was found guilty by a jury of robbery in the first degree, with punishment assessed at 19 years imprisonment. The court sentenced Johnson to the same term.

On this appeal Johnson contends the court erred in failing to suppress the lineup identification and in failing to grant a mistrial or new trial when a juror was observed taking notes. Affirmed.

Johnson does not question the sufficiency of the evidence to support the verdict. Briefly stated, an employee of the Chrisman Sawyer Bank in Independence arrived for work in November, 1979, at 7:40 A.M. The employee observed a car which she recognized as belonging to the guard employed by the bank who was to accompany her into the bank. She also observed another car on the bank parking lot. As she passed the guard's car, she observed a man in a guard uniform and assumed it was the guard employed by the bank. She entered the bank, followed by the man in the guard uniform, and went to the vault. When she looked up she found the man in the guard uniform standing in the door with a gun and realized for the first time that he was not the guard employed by the bank. She testified that she observed the man face to face for at least three seconds. At his direction, she placed $80,000 in a bag which the man took as he fled from the bank. The employee later identified Johnson in a lineup as being the man who took the money.

Other evidence indicated that Johnson owned a Mercury automobile which fit the description of the other automobile the employee observed on the bank parking lot. Johnson admitted his car had been brown, the color of the car parked on the bank lot, but that he had paid $600 to have the car painted after the date of the robbery.

Other evidence indicated that Johnson had spent about $8,600 after the date of the robbery, with about $4,000 of that being paid in cash. Johnson testified that he had saved this money from jobs as a cook, as a Church's Fried Chicken assistant manager and guard, during which he had made on the average of $500 to $800 per month. His purchases included $2,000 in cash for a guard dog.

Johnson first contends the court erred in failing to suppress the evidence that the bank employee identified Johnson in a line-

up shortly after the robbery. Although he filed a pretrial motion to suppress this evidence, when the employee testified at trial as to her in-court identification of Johnson, he made no objection. Thus, the in-court identification stands without challenge. Johnson apparently argues that the lineup somehow tainted the in-court identification. However, there is no showing as to how the taint occurred and the trial court specifically found an independent basis of identification based on the observation the employee made of Johnson at the time of the robbery. This was followed by a positive in-court identification made by the employee based on her observation at the time of the crime.

In *State v. Sanders*, 621 S.W.2d 386 (Mo.App.1981) this court made a thorough and exhaustive analysis of the problems involved in suppression of in-court and out-of-court identifications. This court stated that the critical inquiry goes to the in-court identification and its factual basis. There is no factual basis in this case to show that the out-of-court identification in any manner tainted the in-court identification. Absent any evidence to show such tainting or impermissible suggestiveness as affecting the in-court identification, there was no basis on which the court could have suppressed the in-court identification.

Johnson next contends the court erred in failing to declare a mistrial or grant a new trial when the court observed a juror taking notes. This point has not been preserved for review because no motion for mistrial was made at the time the court noted during the trial that a juror was taking notes, nor was the matter raised in the motion for new trial. Therefore, it has not been preserved for review. Rule 29.-11(d). However, it should be noted that when the court noticed a juror taking notes, the court talked with the juror out of the presence of the remainder of the jury and advised him that the law did not permit the taking of notes. The juror stated that he was unaware that this was not permitted and readily agreed to the court's admonition that no use should be made of the notes and they should not be shared with anyone else. There is nothing to indicate the juror failed to abide by his word. The court was not required to sua sponte declare a mistrial. No error appears.

The judgment is affirmed.

All concur.